UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARCELORMITTAL TUBULAR, PRODUCTS SHELBY, INC., | ) ) ) | Case No.: 1:09 CV 1821 |
| Plaintiff | ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| URANIE INTERNATIONAL, S.A., | ) ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Defendant Uranie International, S.A.S.'s ("Defendant" or "Uranie") Motion to Dismiss. (ECF No. 15.) For the reasons that follow, the court denies Defendant's Motion. Also pending are Uranie International, Inc.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 14.), and Plaintiff's Motion for Leave to File Sur-Reply *instanter*. (ECF No. 35.) The court denies Uranie International, Inc.'s Motion to Dismiss as moot due to Plaintiff's Notice of Dismissal of Uranie International, Inc. as a Defendant, without prejudice. (ECF No. 14. *See also*, Notice of Dismissal, ECF No. 24.) Finally, the court grants Plaintiff's Motion for Leave to File Sur-Reply *instanter*. The court has considered Plaintiff's arguments in the Sur-Reply. (ECF No. 35.)

**I. FACTUAL AND PROCEDURAL HISTORY**

**A. Factual History**

This Motion arises from a contractual dispute between Plaintiff and Defendant. (Complaint, ECF No. 1-1.) Plaintiff, Arcelormittal Tubular Products Shelby, Inc., is a corporation licensed to do business in Ohio. (Complaint, ECF No. 1-1.) Plaintiff regularly conducts its business in Cuyahoga County. (*Id*.) Plaintiff's primary manufacturing operation consists of making welded and seamless precision tubes. (*Id*.) Defendant, Uranie International, S.A., is a French corporation located in Le Meux, France. (Motion to Dismiss, ECF No. 15.)

In June 2007, Defendant placed several orders to purchase steel tubing first from Dofasco Copperweld, Plaintiff's predecessor in interest, and later with Plaintiff. (Complaint, ECF No. 1-1.) All steel tubing ordered by Defendant was manufactured in Ohio. (*Id*.) The contract between the parties stipulated that Defendant would authorize shipments of the steel tubing from Plaintiff's facility to Defendant's facility in France. (*Id*.)

Plaintiff alleges that, in July 2008, Defendant "deliberately" reduced the number of releases authorizing shipment to France. (Complaint, ECF No. 1-1.) Plaintiff further alleges, and Defendant does not dispute, that on August 27, 2008, Plaintiff began shipment of the remaining steel tubing to France without Defendant's authorization. (*Id*.) Plaintiff alleges that it fulfilled its obligations under the contract and seeks compensation in the amount $1,369,545.53 for payment of steel tubing. (*Id*.)

**B. Procedural History**

On July 2, 2009, Plaintiff filed this action against Defendant in the Cuyahoga County Court of Common Pleas for breach of contract and action on account seeking recovery of damages from Defendant for Defendant's purchases of steel tubing from Plaintiff. (Complaint, ECF No. 1-1.)

On August 5, 2009, Defendant removed the action to this court pursuant to both 28 U.S.C.

§§ 1441 and 1446, based on diversity of citizenship. (Notice of Removal, ECF No. 1.) Thereafter, on September 30, 2009, Defendant filed a motion to dismiss pursuant to Rule 12(b)(1), claiming that the court lacked subject matter jurisdiction over the case because the contract contained a forum selection clause giving exclusive jurisdiction over any dispute to a French Court. (Motion to Dismiss, ECF. No. 15.) Defendant asserts that this clause, as part of the contract between the two parties, overrides the court's jurisdiction in this case. (*Id*.)[1]

On November 25, 2009, Plaintiff filed its opposition to Defendant's Motion to Dismiss. (ECF No. 26.) In its opposition, Plaintiff makes two arguments relevant to this court's decision. (*Id*.) First, Plaintiff maintains that Defendant's forum selection clause defense is an improper basis for raising a Rule 12(b)(1) motion. Second, Plaintiff argues that the forum selection clause is not binding in regard to the current dispute. (*Id*.)

On June 21, 2010, Defendant filed a Reply in Support of its Motion to Dismiss Pursuant to Rule 12(b)(1). (ECF No. 34.) In its Reply, Defendant argues that if the court finds that a Rule 12(b)(1) motion is an improper means of raising a forum selection clause defense, then the court should consider Defendant's Motion to be "a motion to dismiss premised on the enforcement of a forum selection clause as a motion to dismiss for improper venue" pursuant to Rule 12(b)(3). (*Id*. at p. 7.) Defendant also argues that the forum selection clause governs the transaction and is binding on the parties. (ECF No. 34.)

---

[1] In this Motion, Defendant also sought dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2). (Motion to Dismiss, ECF No. 15.) The court notes that Defendant has since withdrawn this aspect of its motion to dismiss. (Reply to Motion to Dismiss, ECF No. 34)("Based upon facts and evidence revealed subsequent to the filing of Uranie's Motion, Uranie hereby withdraws the argument that this Court lacks personal jurisdiction over it.")

On July 15, 2010, Plaintiff filed a Motion for Leave to File Sur-Reply *instanter* in opposition to Defendant's Motion to Dismiss. (ECF No. 35.) On August 2, 2010, Defendant filed its opposition to Plaintiff's Motion for Leave to File Sur-Reply *instanter*. (ECF No. 36.)

## II. LEGAL ANALYSIS

The court will address whether Defendant may raise its defense under a 12(b)(1) motion to dismiss another pretrial motion or procedure.

### A. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Plaintiff commenced this case in state court alleging breach of contract. (Complaint, ECF No. 1-1.) Defendant removed the case to this federal court claiming that the court possessed subject matter jurisdiction pursuant to §1332. (Notice of Removal, ECF No. 1 ¶9.) Defendant asserted in its notice of removal that this suit meets both diversity of citizenship and the controversy amount to fulfill the requirements of federal subject matter jurisdiction. (*Id*.)

Defendant does not argue that the court lacks jurisdiction because the parties are not diverse in citizenship or that the controversy amount is below $75,000. Instead, Defendant contends that the court lacks subject matter jurisdiction due to a forum selection clause which vests exclusive jurisdiction over disputes arising from the contract in a French court. (Motion to Dismiss, ECF No. 15.) Yet a forum selection clause does not divest this court of subject matter jurisdiction pursuant to §1332. In other words, a forum selection clause does not "oust the jurisdiction of the courts," *Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341, 345 (3rd Cir. 1966), but is simply "a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise jurisdiction." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998). Accordingly, a forum selection clause defense is a separate and distinct inquiry from a 12(b)(1) defense. *See Lipcon v. Underwriters at Loyd's London*, 148 F.3d 1285,

1289-1290 (11th Cir. 1998).

Although Defendant argues that various courts dismissed cases based on a governing forum selection clause, *see e.g.*, *LFC Lessors v. Pacific Sewer Maintenance Corp.*, 739 F.2d 4,7 (1st Cir. 1984)(determining that Rule 12(b)(6), dismissal for failure to state a claim upon which relief can be granted, not 12(b)(1) or 12(b)(3), is the proper motion for bringing a forum selection clause defense), Defendant does not cite any Sixth Circuit precedent that Rule 12(b)(1) is a permissible motion for this defense. The court finds that the cases cited by Defendant in support of his argument are either unpersuasive or factually distinguishable. (*See AVC Nederland B.V. v. Atrium Inv. P'ship*, 740 F.2d 148, 153 (2d Cir. 1984)(Second Circuit reviewed lower court decision where the lower court did not "explicitly rule" on whether it lacked subject matter jurisdiction due to a forum selection clause over a dispute involving a securities fraud action. The Second Circuit assumed that the district court had federal question jurisdiction over the securities claim, addressed the merits of the forum selection clause that governed the parties, and affirmed the district court's dismissal of the case based on the forum selection clause's validity.); *Eastern Europe, Inc. v. Transportmaschinen Export-Import, Inc.*, 658 F.Supp. 612 , 614 (S.D.N.Y. 1987)(upholding an arbitration/forum selection clause and granting a motion to dismiss pursuant to Rule 12(b)(1) based, in part, on the fact that the contract between the parties was governed by the Convention on the Recognition and Enforcement of Arbitral Awards, which requires a court to dismiss a case for lack of subject matter jurisdiction, if the case falls within the scope of the Convention). For the reasons stated *supra* II.A, the court finds inappropriate Defendant's attempt to enforce a forum selection clause through a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

### B. 12(b)(3) Motion to Dismiss for Improper Venue

In its Reply in support of its Motion to Dismiss, Defendant contends that this court must

treat "a motion to dismiss premised on the enforcement of a forum selection clause as a motion to dismiss for improper venue" pursuant to Rule 12(b)(3). (ECF No. 34, p. 7.) The Sixth Circuit has expressly rejected use of this motion where, as here, a defendant removed an action from state to federal court under 28 U.S.C. §1441(a). *See Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 534-35 (6th Cir. 2002)(recognizing the difference of opinions between the Circuits regarding "whether a claim that an action if filed in a forum other than that designated in a contract's forum selection clause may be raised in a rule 12(b)(3) motion. . . . We think that in the case of an action removed from state court to federal court, it cannot."); *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 829 (6th Cir. 2009)("[A] forum selection clause should not be enforced through dismissal for improper venue under FRCP 12(b)(3) because these clauses do not deprive the court of proper venue.") The court denies Defendant's Motion to Dismiss on this basis.

### C.  The Doctrine of Forum Non Conveniens

The fact that the court rejects the use of Rule 12(b)(1) and (3) to enforce a forum selection clause does not necessarily bar the court's consideration of the issue. The Sixth Circuit recently affirmed a district court's decision that denied as procedurally improper a 12(b)(3) motion raising a forum selection clause defense, but nonetheless, granted dismissal of the case, *sua sponte*, under the common law doctrine of forum non conveniens. *Wong v. Partygaming Ltd.*, 589 F.3d 821, 829 (6th Cir. 2009)(affirming *Wong v. Partygaming Ltd.*, 1:06 CV 02376, 2008 WL 4449436 (N.D. Ohio Sept. 30, 2008)).  Under the doctrine of forum non conveniens, a court must balance three factors: (1) the existence of an adequate alternate forum; (2) any relevant public factors that favor another venue; and (3) any relevant private factors that favor another venue. *See Stewart v. Dow Chemical Corp.*, 865 F.2d 103, 106 (6th Cir. 1989). As a  "flexible doctrine," *Wong*, 589 F.3d at 829, a  court may invoke forum non conveniens, *sua sponte*, if the court possesses "facts relevant

to the issue of forum non conveniens." *Estate of Thomson*, 545 F.3d 357, 365 (6th Cir. 2008)(citing to *Chamber v. NASCO*, 501 U.S. 32 (1991)).

The court, however, does not possess sufficient facts in order to weigh the doctrine's factors and make a determination. Such an assessment would require not only a determination of the validity of the forum selection clause but a consideration and balancing of all relevant facts. It would be unfair to both parties to make this determination based on the arguments presented in their briefs that only address facts relevant to the standards for 12(b) motions, not forum non conveniens. As a result, the court declines to analyze the forum selection clause defense, sua sponte, under this doctrine.

### III. CONCLUSION

For the foregoing reasons, the court denies Defendant's Motion to Dismiss as procedurally deficient because Defendant cannot enforce a forum selection clause through dismissal for lack of subject matter jurisdiction, Rule 12(b)(1), or improper venue, 12(b)(6). (ECF No. 15.)

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 30, 2011